GOHR FARMS, INC., ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Gohr Farms, Inc. v. Commissioner
Docket Nos. 8711-88; 8712-88; 8713-88
United States Tax Court
T.C. Memo 1990-88; 1990 Tax Ct. Memo LEXIS 88; 58 T.C.M. (CCH) 1493; T.C.M. (RIA) 90088; February 26, 1990
Bob A. Goldman, for the petitioners. Gordon L. Gidlund, for the respondent. CLAPP
MEMORANDUM OPINION CLAPP, Judge: Respondent determined deficiencies in and additions to petitioners' Federal income taxes as follows: Gohr Farms, Inc. -- Docket No. 8711-88
Year
Deficiency
sec. 6653(a)(1)
sec. 6653(a)(2)
sec. 6661
1984 $ 1,024
--
--
--
1985  1,389
--
--
--
Marvan Gohr and Mary Gohr -- Docket No. 8712
Year
Deficiency
sec. 6653(a)(1)
sec. 6653(a)(2)
sec. 6661
1982
$ 6,462
$ 323
*
$ 1,616
1983
9,393
470
*
2,348
1984
7,358
368
*
1,840
*89 Harlan Gohr and Mayvis Gohr -- Docket No. 8713-88
Year
Deficiency
sec. 6653(a)(1)
sec. 6653(a)(2)
sec. 6661
1982
$  5,216
$ 261
*
$ 1,304
1983
11,118
556
*
2,780
1984
8,167
408
*
2,042
After concessions by both parties, the issues are (1) whether section 46(e)(3) disallows investment credits claimed in 1982 and 1983 by the individual petitioners on certain properties purchased by their partnership and leased to their corporation, and (2) whether petitioners are liable for the additions to tax for negligence under section 6653(a)(1) and (2). All section references are to the Internal Revenue Code of 1954 for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. These consolidated cases were submitted fully stipulated pursuant to Rule 122. When the petitions were filed, the individual petitioners resided in Mountain Lake, Minnesota, and the corporate petitioner had its principal place of business in Mountain Lake, Minnesota. Mary Gohr and Mayvis *90 Gohr are petitioners only because they filed joint Federal income tax returns with their husbands. The tax liability of Gohr Farms, Inc. is not at issue. Accordingly, all references to "petitioners" will be to Marvan and Harlan Gohr. Since 1962, petitioners have owned and operated the Gohr Brothers partnership (the partnership). In 1980, petitioners incorporated Gohr Farms, Inc. (the corporation) for estate purposes. In 1982 and 1983, the partnership purchased equipment in the amounts of $ 134,953 and $ 141,867, respectively, which it leased to the corporation. During the first 12 months of the equipment leases, the partnership paid no expenses relating to the equipment that were deductible under section 162. Instead, the lease agreement provided that all such expenses would be paid by the corporation. Under section 46(e)(3), an investment credit: shall be allowed by section 38 to a person which is not a corporation with respect to property of which such person is the lessor only if -- (A) the property subject to the lease has been manufactured or produced by the lessor, or (B) the term of the lease (taking into account options to renew) is less than 50 percent of the *91 useful life of the property, and for the period consisting of the first 12 months after the date on which the property is transferred to the lessee the sum of the deductions with respect to such property which are allowable to the lessor solely by reason of section 162 (other than rents and reimbursed amounts with respect to such property) exceeds 15 percent of the rental income produced by such property. The partnership has not claimed that it manufactured or produced the equipment. Sec. 46(e)(3)(A). It is not allowed a credit under section 46(e)(3)(B) because it did not take deductions with respect to the property under section 162 which exceed 15 percent of the rental income produced by the equipment. Petitioners argue, however, that section 46(e)(3) should not apply to them because their leasing arrangement was motivated by estate reasons rather than tax reasons. This argument has been previously considered and rejected by this Court. See ; . As we said in : In drafting section 46(e)(3)(B), *92 Congress could have chosen a rule based upon the benefits and burdens of ownership in light of all the relevant facts and circumstances. * * * But they did not. Instead, Congress decided to impose two hard-and-fast tests * * *. In effect, Congress chose a more easily administered approach (which, for taxpayers, provides predictability) and sacrificed some small measure of perfect equity. Not only was this choice at least arguably reasonable, it is not for us in any case to pass upon the wisdom of legislation. Petitioners also cite , and , affg. a Memorandum Opinion of this Court. Loewen did not involve section 46(e)(3) and, thus, is inapplicable. Hokanson disallowed the investment tax credit and, thus, does not help petitioners. Petitioners also argue that they should not be liable for the additions to tax for negligence under section 6653(a)(1) and (2). They argue that they reasonably relied on the claimed experience, expertise, and abilities of a tax preparer to prepare their returns, and that this absolves them from the negligence addition. *93 However, petitioners have not presented any evidence that they relied in good faith upon the tax preparer, nor have they presented any evidence that they provided him with the correct information. We note that petitioners have conceded that the corporation paid many of their personal expenses, and that these payments were not reported on their individual returns but were deducted on the corporate return. We do not think this behavior can or should be blamed entirely on the tax preparer. We hold for respondent on both issues. Decisions will be entered under Rule 155. Footnotes
1. Cases of the following petitioners are consolidated herewith: Marvan Gohr and Mary Gohr, docket No. 8712-88 and Harlan Gohr and Mayvis Gohr, docket No. 8713-88.↩
*. 50 percent of the interest due on the deficiency.↩
*. 50 percent of the interest due on the deficiency.↩